# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

Case No. 1:19-cv-21857-KMM

LD ACQUISITION COMPANY 13 LLC,

      Plaintiff,

v.

PALMETTO BAY CENTRE, INC., *et al.*,

      Defendants.

_____/

## ORDER ON REPORT AND RECOMMENDATION

THIS CAUSE came before the Court upon Plaintiff LD Acquisition Company 13 LLC's ("Plaintiff" or "LD") Petition to Reopen Case, Enforce Permanent Injunction, and Hold Defendants in Contempt of Court. ("Pet.") (ECF No. 18). Therein, Plaintiff requests that the Court reopen this case, enforce the permanent injunction against Defendants, and hold Defendants Palmetto Bay Centre, Inc. ("Palmetto") and Justo A. Atrio ("Atrio") (collectively "Defendants"), in contempt of Court. Pet. at 1. Defendants filed their Amended Response to Plaintiff's Petition. ("Pet. Resp.") (ECF No. 25). Plaintiff filed its Reply Memorandum in Support of its Petition. ("Pet. Reply") (ECF No. 24). The matter was referred to the Honorable Jacqueline Becerra, United States Magistrate Judge, who held a two-day evidentiary hearing on the Petition on May 11, 2021and June 11, 2021. (ECF Nos. 44, 49). On August 26, 2021, Magistrate Judge Becerra issued a Report and Recommendation on Plaintiff's Petition, ("R&R") (ECF No. 67), recommending that Plaintiff's Petition be GRANTED.[1] Defendants filed a timely objection to the R&R. ("Obj.")

---

[1] In the R&R, Magistrate Judge Becerra also denied both Plaintiff's Motion to Strike Defendants' Amended Affidavit of Surveyor Rolando Ortiz (ECF No. 26) and Defendant's Motion to Strike Affidavit of Edward Wei (ECF No. 29). R&R at 2, 5–6, 28. The Parties do not object to or appeal

(ECF No. 68).  Plaintiff filed a Response in Opposition to Defendants' Objection.  ("Obj. Resp.") (ECF No. 70).  The matter is now ripe for review.  As set forth below, the Court ADOPTS the R&R.

The Court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3).  The Court "must determine *de novo* any part of the magistrate judge's disposition that has been properly objected to."  Fed. R. Civ. P. 72(b)(3).  A *de novo* review is therefore required if a party files "a proper, specific objection" to a factual finding contained in the report.  *Macort v. Prem, Inc.*, 208 F. App'x 781, 784 (11th Cir. 2006).  "It is critical that the objection be sufficiently specific and not a general objection to the report" to warrant *de novo* review.  *Id.*

However, a party's objections are improper if they expand upon and reframe arguments already made and considered by the magistrate judge, or simply disagree with the magistrate judge's conclusions.  *See Melillo v. United States*, No. 17-CV-80489, 2018 WL 4258355, at *1 (S.D. Fla. Sept. 6, 2018); *see also Marlite, Inc. v. Eckenrod*, No. 10-23641-CIV, 2012 WL 3614212, at *2 (S.D. Fla. Aug. 21, 2012) ("It is improper for an objecting party to . . . submit [ ] papers to a district court which are nothing more than a rehashing of the same arguments and positions taken in the original papers submitted to the Magistrate Judge.  Clearly, parties are not to be afforded a 'second bite at the apple' when they file objections to a R & R.") (quoting *Camardo v. Gen. Motors Hourly-Rate Emps. Pension Plan*, 806 F. Supp. 380, 382 (W.D.N.Y. 1992)).

these rulings, and, in any event, the Court agrees with Magistrate Judge Becerra's conclusions on these issues.  Therefore, the Court only addresses the objections related to Magistrate Judge Becerra's findings in the R&R regarding the Petition below.

When the objecting party has not properly objected to the magistrate judge's findings, "the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *See Keaton v. United States*, No. 14-21230-CIV, 2015 WL 12780912, at *1 (S.D. Fla. May 4, 2015); *see also Lopez v. Berryhill*, No. 1:17-CV-24263-UU, 2019 WL 2254704, at *2 (S.D. Fla. Feb. 26, 2019) (stating that a district judge "evaluate[s] portions of the R & R not objected to under a clearly erroneous standard of review" (citing *Davis v. Apfel*, 93 F. Supp. 2d 1313, 1317 (M.D. Fla. 2000))).

With respect to a magistrate judge's credibility findings, "a district court may not override essential, demeanor-intensive fact finding by a magistrate judge without hearing the evidence itself or citing an exceptional justification for discarding the magistrate judge's findings." *Amlong & Amlong, P.A. v. Denny's, Inc*., 500 F.3d 1230, 1250 (11th Cir. 2007). "Rejecting credibility findings made by a magistrate judge without holding a new hearing is permissible only when there is an 'articulable basis for rejecting the magistrate's original resolution of credibility.'" *Id*. (emphasis in original) (citing *U.S. v. Marshall*, 609 F.2d 152, 155 (5th Cir. 1980)).

As set forth in the R&R, Magistrate Judge Becerra explains—in great detail—how Defendants denied Plaintiff and its representatives access to the leased space. R&R at 8–21. Magistrate Judge Becerra gives substantial weight to Plaintiff's witnesses' testimony—consistently finding their testimony to be both credible and corroborated by the record. *See, e.g.*, *id.* at 13 ("Ms. Cuthbert's testimony, corroborated by the e-mails, and was credible."). Conversely, Magistrate Judge Becerra finds Defendant Atrio's testimony to be rife with inconsistencies and unsupported by the record. *Id.* at 16–17 (observing that Defendant Atrio "consistently refused to answer the questions posed, interrupted the lawyers and the Court, changed his testimony, accused all of Plaintiff's witnesses of perjury, and then submitted an

3

affidavit after the evidentiary hearing changing his testimony (again). In short, Mr. Atrio's testimony only added to the credibility of Plaintiff's allegations").  Consequently, Magistrate Judge Becerra finds that Defendants should be held in contempt for their violation of the Court's August 6, 2019 Order Granting Motion for Entry of Final Agreed Order ("Final Order") (ECF No. 17) because (1) Plaintiff has satisfied all the required elements of civil contempt and (2) Defendants' supposed defenses are meritless.  *Id.* at 21–24.  Therefore, Magistrate Judge Becerra recommends that the Court award Plaintiff reasonable attorneys' fees as a sanction for violating the Court's Final Order.

Defendants raise several arguments in their Objection.  *See generally* Obj.  Defendants first contend that the Court is without subject-matter jurisdiction to hear—and that Plaintiff is without standing to bring—the claims asserted in the Petition.  *Id.* at 2–6.  Defendants next challenge many of Magistrate Judge Becerra's factual findings, specifically: the order of the witnesses who testified at the evidentiary hearing[2]; the sales price of the easement at issue; that Sprint's equipment went offline for at least nine months; and that Defendant Atrio "removed the access key to a lock box."  *Id.* at 7–12.  Finally, Defendants argue that (1) they did not interfere with Plaintiff's easements "because tenant's use was not a permitted use of the easement"; (2) Defendants did not change testimony through the affidavit filed after the evidentiary hearing; and (3) Plaintiff did not prove its allegations within its Petition to reopen the case.[3]  *Id.* at 12–19.  For all these reasons,

---

[2] Which Defendants erroneously refer to as a trial throughout their Objection.  *See generally id.*

[3] These objections either reframe arguments previously considered and rejected by Magistrate Judge Becerra or simply disagree with her conclusions.  *See generally* R&R; Pet. Resp.  Thus, they are improper.  *See Melillo*, 2018 WL 4258355, at *1 (stating that a party's objections are improper if they expand upon and reframe arguments already made and considered by the magistrate judge, or simply disagree with the magistrate judge's conclusions).

Defendants ask the Court to decline to adopt Magistrate Judge Becerra's R&R and dismiss Plaintiff's Petition. *Id.* at 19.

In its Response in Opposition to Defendants' Objection, LD maintains that (1) the Court possesses subject-matter jurisdiction to adjudicate this matter; (2) Plaintiff possesses standing to seek the requested relief; (3) the "'basic errors of fact' raised by Defendants have no relevance to the ultimate conclusion that Defendants are in contempt of Court"; and (4) Defendants' argument regarding the permitted use of the easement is unavailing. Obj. Resp. at 4–7.

To begin, the Court agrees with Plaintiff regarding the threshold issues of jurisdiction and standing. Obj. Resp. at 4–5. Defendants seem to misunderstand these basic legal concepts. Obj. at 2–6.

First, at the time the initial complaint was filed, the Parties were diverse and the amount-in-controversy exceeded $75,000.00. *See* ("Compl.") (ECF No. 1) ¶ 5 (alleging that "there is complete diversity of citizenship between Plaintiff, on the one hand, and Defendants, on the other hand, and the amount in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs"). Defendants' objection on jurisdictional grounds is particularly puzzling in light of the fact that they concede the amount in controversy in their Objection. Obj. at 2 ("In the complaint, Plaintiff alleged that the value of the equitable relief sought totaled at least $120,000 in value."). This is all that is required for the Court to possess subject-matter jurisdiction over a dispute. *See* 28 U.S.C. § 1332(a); *PTA-FLA, Inc. v. ZTE USA, Inc.*, 844 F.3d 1299, 1306 (11th Cir. 2016) ("[D]iversity jurisdiction is determined at the time of filing the complaint or, if the case has been removed, at the time of removal."). Defendants' argument that Plaintiff has "failed to prove the jurisdictional limit of the Court" is meritless.

And second, Plaintiff's filing of the Petition did not initiate a new case; rather, it "was simply a reopening of the initial action and a request that the Court enforce its own orders." Obj. Resp. at 5. Defendants' argument that Plaintiff is without standing to seek the relief requested is disingenuous at best, and arguably frivolous. Obj. at 3–6. It is unquestionable that subject-matter jurisdiction and standing existed at the filing of the Complaint and still exist as of the date of this Order. *A&M Gerber Chiropractic LLC v. GEICO Gen. Ins. Co.*, 925 F.3d 1205, 1210 (11th Cir. 2019) (holding that a party invoking a federal court's authority must show, "at an 'irreducible minimum,' that at the time the complaint was filed, he has suffered some actual or threatened injury resulting from the defendant's conduct, that the injury fairly can be traced to the challenged action, and that the injury is likely to be redressed by favorable court disposition" (quoting *Atlanta Gas Light Co. v. Aetna Cas. & Sur. Co.,* 68 F.3d 409, 414 (11th Cir. 1995))).

Therefore, the sole issue before the Court is whether Defendants violated the Court's Final Order. *See* R&R at 10 ("At issue is whether Defendants violated the Final Order's prohibition from interfering with the Easements and Sprint's provision of telecommunication services."). The arguments raised in Defendants' Objection—such as inaccuracy in the order of witnesses listed in Magistrate Judge Becerra's R&R and the sales price of the easement, and Plaintiff's tenant's supposedly impermissible use of the easement—are simply inapposite to whether Defendants complied with the Court's Final Order. *See generally* Obj. For these reasons, Defendants' objections are not proper under Federal Rule of Civil Procedure 72 and do not warrant *de novo* review.

In order to establish civil contempt, a movant must show by clear and convincing evidence that an underlying order was violated. *McGregor v. Chierico*, 206 F.3d 1378, 1383 (11th Cir. 2000); *Howard Johnson Co. v. Khimani*, 892 F.2d 1512, 1516 (11th Cir. 1990). Specifically, the

moving party must establish that: "(1) the allegedly violated order was valid and lawful; (2) the order was clear and unambiguous; and (3) the alleged violator had the ability to comply with the order." *Tracfone Wireless, Inc. v. Technopark Co.*, 313 F.R.D. 680, 687 (S.D. Fla. 2016) (citing *Riccard v. Prudential Ins. Co.*, 307 F.3d 1277, 1296 (11th Cir. 2002)). "Once a prima facie showing of a violation has been made, the burden of production shifts to the alleged contemnor, who may defend his failure on the grounds that he was unable to comply." *CFTC v. Wellington Precious Metals, Inc.*, 950 F.2d 1525, 1529 (11th Cir. 1992). But a party can only demonstrate an inability to comply "by showing that they have made 'in good faith all reasonable efforts to comply.'" *Citronelle–Mobile Gathering, Inc. v. Watkins*, 943 F.2d 1297, 1301 (11th Cir. 1991) (quoting *United States v. Ryan*, 402 U.S. 530, 534 (1971)). Therefore, an absence of willfulness in a party's noncompliance is not a defense to a charge of civil contempt, *FTC v. Leshin*, 618 F.3d 1221, 1232 (11th Cir. 2010) (citing *McComb v. Jacksonville Paper Co.*, 336 U.S. 187, 191 (1949)), nor is the party's later compliance. *Sizzler Family Steak House v. Western Sizzlin Steak House, Inc.*, 793 F.2d 1529, 1534 n.5 (11th Cir. 1986).

In the R&R, and with the benefit of extensive briefing and an evidentiary hearing, Magistrate Judge Becerra finds by clear and convincing evidence that (1) Defendants denied Plaintiff and its representatives access to the leased space in violation of the Court's Final Order; (2) the Final Order is valid and lawful; (3) the Final Order is clear and unambiguous; and (4) Defendants had the ability to comply with the Final Order. R&R at 8–22. Further, Magistrate Judge Becerra concludes that Defendants have failed to meet their burden of proving why they were unable to comply with the Final Order. *Id.* at 22–23. Accordingly, Magistrate Judge Becerra finds that "Plaintiff is entitled to its reasonable attorneys' fees and costs incurred as a result of

Defendants' violation of this Court's Final Order" in the amount of $50,000.00.[4]  *Id.* at 24–27.
The Court concludes from the record that no clear error was made, and agrees with Magistrate
Judge Becerra's well-reasoned findings in the R&R.  *Keaton*, 2015 WL 12780912, at *1 ("[T]he
court need only satisfy itself that there is no clear error on the face of the record in order to accept
the recommendation.").  Moreover, the Court places great weight on Magistrate Judge Becerra's
findings because they are based upon credibility determinations with respect to various witnesses'
testimony that have not been adequately rebutted by Defendants.  *Amlong*, 500 F.3d at 1250 ("[A]
district court may not override essential, demeanor-intensive fact finding by a magistrate judge
without hearing the evidence itself or citing an exceptional justification for discarding the
magistrate judge's findings.").

Accordingly, UPON CONSIDERATION of the Petition, the R&R, the Objection, the
Response in Opposition, the pertinent portions of the record, and being otherwise fully advised in
the premises, it is hereby ORDERED AND ADJUDGED that Magistrate Judge Becerra's R&R
(ECF No. 67) is ADOPTED and Defendants Palmetto Bay Centre, Inc. and Justo A. Atrio's
Objection to Magistrate Judge Becerra's Report and Recommendation (ECF No. 68) is
OVERRULED.  It is FURTHER ORDERED that:

(1) Plaintiff's Petition to Reopen Case, Enforce Permanent Injunction, and Hold Defendants
in Contempt of Court (ECF No. 18) is GRANTED;

---

[4]  The Parties do not object to Magistrate Judge Becerra's finding that $50,000.00 constitutes a
reasonable fee in this case based on Plaintiff's "[having] to incur attorneys' fee in order to have
Defendant comply with the Court's Final Order . . . and given that there is nothing in the record
that would suggest any hardship [to Defendants] in paying the amount."  R&R at 27; *see generally*
Obj.; Obj. Resp.  For the reasons stated in the R&R, the Court agrees that this sanction is
reasonable.

(2) Defendants shall pay Plaintiff $50,000.00 in reasonable attorneys' fees for Defendants' violation of the Court's Final Order (ECF No. 17) within twenty-one (21) days of this Order;

(3) The Court retains jurisdiction to enforce its Final Order (ECF No. 17) and this Order;

(4) The Court's Final Order (ECF No. 17) and the terms of the permanent injunction (ECF No. 16-1) remain in place and are not superseded by any part of this Order;

(5) This Order resolves Defendants' liability arising for violations of the Court's Final Order to date; however, this Order does not preclude Plaintiff from pursuing any other current or future civil matters or proceedings, nor does this Order preclude Defendants from contesting their liability in any such future proceedings; and

(6) All pending motions, if any, are DENIED AS MOOT.

DONE AND ORDERED in Chambers at Miami, Florida, this 29th day of September, 2021.

K. MICHAEL MOORE
UNITED STATES DISTRICT JUDGE

c: All counsel of record

9